# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 20-30695
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY RUBIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-359-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

We previously remanded this case to the district court for it to consider and state on the record "whether it would have imposed the same sentence if it had known that the BOP could not, and therefore would not, give Rubin credit for time served since January 14th, 2019." *United States v.*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30695

*Rubin*, 854 F. App'x 625, 626-27 (5th Cir. 2021).  We retained jurisdiction over the appeal pending the district court's answer to the inquiries on limited remand.  *Id.* at 627.

On limited remand, the district court indicated that it "would not have imposed the same sentence if it had known that the BOP could not, and therefore would not, give Rubin credit for time served since January 14th, 2019."  The district court further clarified that it would have pronounced its sentence as follows: "39 months imprisonment, which represents a within-guidelines sentence of 57 months, adjusted by the 18 months [d]efendant already served . . . on a related sentence."  According to the district court, the 18-month adjustment would constitute "either: (1) a sentence reduction pursuant to [U.S.S.G. § 5G1.3(b)], or (2) a downward departure pursuant to [U.S.S.G. § 5K2.23], because the 18-month period of imprisonment by state authorities will not be credited by the [BOP]."  We conclude that the district court fulfilled its duty by clarifying on the record the information we required.  Accordingly, we hold that the district court erred in failing to calculate Rubin's sentence itself and in attempting to order the BOP to award credit for time served since January 14, 2019.  *See United States v. Taylor*, 973 F.3d 414, 418-19 (5th Cir. 2020).

Therefore, we VACATE and REMAND to the district court to determine Rubin's new sentence.